## TRUMBO v. FINLEY.

1. A complaint by a common informer, alleging the winning of money by defendants from one A. at a game of faro, on or about a certain day named, states no cause of action and was, therefore, properly dismissed on demurrer, as the only right of action to an informer in such case exists under a statute which authorizes a recovery where the money was won at any time or sitting; that is, at any one time or sitting. To constitute a cause of action under this statute, the money must have been won at one time or at one sitting.
2. As the complaint stated no cause of action, a demurrer was proper; it was not necessary for defendants to move that plaintiff be required to make his averments more definite and certain.
3. In the matter of permitting a plaintiff to amend his complaint after demurrer, much must be left to the discretion of the Circuit judge, and the exercise of such discretion, as a rule, will not be disturbed, unless it deprives a party of a substantial legal right.
4. Upon oral demurrer interposed at the trial in this case, the complaint was properly held not to state facts sufficient to constitute a cause of action, and the presiding judge refused to permit plaintiff to amend by stating a wholly different and new cause of action. *Held,* that this order of refusal should not be disturbed.

Before KERSHAW, J., Charleston, June, 1881.

U

The opinion states the case. The order of the Circuit judge was as follows:

I think the complaint is defective. The authority of Sir William Blackstone, construing the statute from which this is taken almost *verbatim*, indicates what a " time " or " sitting " is. He defines both of those terms as not referring to a day or a period of time, in the ordinary use of that term, but to a certain specific point of time—to an occurrence more than to a time. I think that is a reasonable and proper construction of this act. I don't think it has reference to the day, because there might be many of those transactions occurring in a day. The rule is, that wherever an action is brought for a penalty under the statute, that the statute must be strictly construed, and that the strict rules of pleading adopted on the criminal side of the court should be applied wherever it is sought to enforce penal statutes on the civil side of the court.

I confess to some embarrassment growing out of the circumstance that we are now proceeding under a code which allows an almost unlimited right of amendment, and in all other actions I should suppose the court could be extremely liberal in trying to lick into shape the proceedings before the court in the interest of justice. But however offensive to our ideas of morals gambling may be (although good people are divided on that point), and however censurable it may be that men should carry on a business to tempt young men in fiduciary positions to violate their trusts, and in many cases perhaps with the full knowledge all the time that their victims are plundering their employers, yet the plaintiff here has no right to recover one cent from these defendants, except under strict compliance with the terms of the law which makes them liable.

While I would most willingly give the plaintiff a status in this court, especially as a great deal of expense has been incurred, and these circumstances make me very reluctant to dismiss this complaint without ordering an amendment, yet it seems to me that the answer to that has been properly made by the defendants. This is a technical action, and if a party come into court to enforce a penalty by a technical action, not one founded on contract, but upon the strict letter of the law, and misconceive

the mode of presenting his case, I think the court should not hesitate upon general principles. If an exception could be made, I would most willingly make an exception in this case. I would be glad to see the case taken up to the Supreme Court.

It is ordered that the complaint herein be dismissed, because it does not state facts sufficient to constitute a cause of action. Motion of plaintiff to amend refused.

*Messrs. T. M. Mordecai, B. H. Rutledge,* for appellants.

*Messrs. A. D. Cohen, Simonton & Barker,* contra.

November 29th, 1882. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was a *qui tam* action, brought by Augustus S. Trumbo, the plaintiff, against Thomas Finley and William K. Brown, the defendants, to recover $75,000, being treble damages for $25,000, alleged to have been won by them at a game of faro, from one Bentham R. Caldwell " on or about " certain days named in the different counts. The complaint contained one hundred and ten causes of action, of which the first was as follows :

" For a first cause of action : That on or about the 24th day of July, 1879, in the city of Charleston, within the limits of the county and State aforesaid, one Bentham R. Caldwell did, by playing at faro, lose to Thomas Finley and William K. Brown, the defendants herein, the sum of fifteen hundred dollars, or thereabouts, and did then and there pay over and deliver said sum of money to them the said Thomas Finley and William K. Brown. That the said Bentham R. Caldwell, who, on or about the date aforesaid, at the place aforesaid, and at the game aforesaid, did lose said money, and pay over and deliver said sum of money or thereabouts, to them the said Thomas Finley and William K. Brown, has not within three months then next ensuing from said date, really and *bona fide* and without covin or collusion, sued for and with effect prosecuted for the said sum of money or thereabouts by him so lost as aforesaid, and the plaintiff herein, Augustus S. Trumbo, doth sue the said defend-

ants, Thomas Finley and William K. Brown, for treble the value thereof, to wit, the sum of forty-five hundred dollars, or thereabouts, and the costs herein, the one moiety thereof to the use of him the said Augustus S. Trumbo, and the other moiety to the use of the poor of Charleston county, in the said State; and for said sum of forty-five hundred dollars he doth pray judgment against the said defendants, in accordance with the provisions of the 79th chapter of the Revised Statutes of the State of South Carolina."

The other causes of action were similar to the above, except that the dates and amounts were different, specific amounts being charged as having been lost "on or about" a certain specified day, each amount exceeding $100. With the exception of the days and amounts, the words were identical. The dates, respectively, are from the said July 24th, 1878, to January 1st, 1879. The answer of the defendants was a general denial of each and every cause of action.

The case came on for trial before Judge Kershaw. After the case was opened and before the testimony was offered, a motion was made to dismiss the complaint on verbal demurrer, that the complaint did not state facts sufficient to constitute a cause of action. The defendants argued that the complaint should have alleged each loss to have been "at one time or sitting," and that it did not otherwise sufficiently allege the offense in accordance with the statute. The plaintiff replied that the allegations of the complaint were sufficient and a compliance with the statute, and that the insertion of the words "at one time or sitting," was not only unnecessary, but would have been improper, and asked the court, if it should hold otherwise, for leave to amend, by inserting in each cause of action such words as the court should deem necessary and proper. Judge Kershaw granted the motion and dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and also refused the motion of the plaintiff to amend. From this order the plaintiff appeals to this court upon the following exceptions :

1. Because his Honor erred in deciding that the complaint

was insufficient in this, that it failed to contain the allegation that each loss was sustained " at one time or sitting."

2. Because under the statute in question as now of force in South Carolina, the allegations of the complaint are an adequate statement of the cause of action under said statute, whether tested by the principles of the pleadings and practice which formerly prevailed in this State, or by those which obtain under the present system of the code, and that under either system the insertion of the words "at one time or sitting" would be objectionable, and that the allegations of the complaint are in accordance with the statute.

3. Because even if it should be held that to constitute the cause of action contemplated by the statute, the money must be lost " at one time or sitting," this is a matter of proof on the trial, and not of essential allegation in the complaint. The practice, even in case of an indictment (where the charge is in the language of the act creating the penalty declared for, or in words of equivalent import), being for the defendant to move to that effect, where circumstances render it necessary for his defense, that the offense be more specifically stated; and especially is that the case in practice under the code, where the court, on motion of the adverse party, may require the pleadings to be made more definite and certain.

4. Because his Honor erred in deciding that civil actions under a penal statute are to be governed by the technical rules of criminal pleading, even under the old or former system of pleading and practice; and under the code such rule has no application whatever, and that this action is a civil action under the code, and subject to all the rules of practice and pleading existing thereunder.

5. Because if the words " at any one time or sitting," or any other words, be held a necessary allegation of the complaint, the plaintiff ought to have been directed and allowed to amend, as the law requires, and that his Honor erred in refusing the motion, especially as this is a civil action under the code.

This is a novel case. We are not aware that one like it has ever arisen in the State before. Certainly none such was brought

to our attention by the exhaustive argument made here. The statute under which the action is brought is as follows:

"Sec. 6. Any person or persons whatsoever, who shall at any time or sitting, by playing at cards, dice-table, or other game or games whatsoever, or by betting on the sides or hands of such as do play at any of the games aforesaid, lose to any one or more person or persons so playing or betting, in the whole, the sum or value of fifty dollars, and shall pay or deliver the same, or any part thereof, the person or persons so losing and paying or delivering the same shall be at liberty, within three months then next ensuing, to sue for and recover the money or goods so lost and paid or delivered, or any part thereof, from the respective winner or winners thereof, with costs of suit, by action to be prosecuted in any court of competent jurisdiction.

"Sec. 7. In case the person or persons who shall lose such money or other thing as aforesaid, shall not, within the time aforesaid, really and *bona fide*, and without covin or collusion, sue and with effect prosecute for the money or other thing so by him or them lost, and paid and delivered as aforesaid, it shall and may be lawful to and for any person or persons, by any such action or suits as aforesaid, to sue for and recover the same, and treble the value thereof, with costs of suit, against such winner or winners as aforesaid; the one moiety thereof to the use of the person or persons that will sue for the same, and the other moiety to the use of the poor of the county where the offense shall have been committed." *Gen. Stat. of* 1872, 407.

The object of the statute was manifestly to punish excessive gaming. We regard the important words "at any time or sitting" as only another way of saying "at any one time or sitting." It is true the word "any" is indefinite as to the particular thing referred to, but it is singular, and in connection with a name singular means one of the particular things indicated. In the statute it qualifies both "time" and "sitting," and is equivalent to the expression "at any one time or sitting."

It seems to us that the statute 9 *Anne, ch. XIV.*, from which our act was taken (although it was not all re-enacted), received the proper construction in the case of *Bones* v. *Booth*, 2 *W. Bl.* 1227. That was not, as this, an action *qui tam* by a stranger

to recover the penalty, but an action by the loser himself to recover back fourteen guineas lost at gaming. The play was at the West India Coffee House in Bristol. They played at "All Fours" for two guineas a game from Monday evening to Tuesday evening, without interruption, except for an hour or two at dinner; but the plaintiff and defendant never parted company. Booth then owned on Tuesday evening that he had won seventeen guineas. It was insisted at the trial that this was not won at any one sitting so as to fall within the statute, because the dinner had intervened, but the judge thought otherwise. However, the jury found for the defendant, and the court ordered a new trial. Justice Blackstone said: "The statute makes the winning of £10, at one time or sitting, a nullity; and, therefore, gives the loser an action to recover back what still properly continues to be his own money. To lose £10 at one time is to lose it by a single stake or bet. To lose at one sitting is to lose it in a course of play where the company never parts, though the person may not be actually gaming the whole time." Nares, Justice, concurred and said: "The statute is remedial where the action is brought by the party injured, but penal where brought by a common informer."

It will be observed that, in this case, the decision was made to turn upon the fact that the guineas were lost "at one sitting," and that, too, in a remedial action by the loser himself. Taking this to be the proper construction of the statute, the question is, whether the complaint stated facts sufficient to constitute a cause of action under it. The seventh section, under which this action was brought, is certainly penal in its character. The action being by a stranger, who had no privity with the defendants, for a penalty on account of an alleged legal wrong which did not exist at common law, but only in the statute, we think it was necessary that the precise facts constituting that wrong should be alleged, and if there was a failure to do so, that failure could not be cured by the common law, which, as to actions of a different kind, has sometimes been called a nursing mother. An act lacking any of the elements of the thing made penal by the statute, was not that for which this peculiar action was allowed. It has been held in New York, in reference to a

similar statute, that "the statute gives no form of declaring where a common informer is plaintiff. And in an action founded on a statute, the plaintiff must state specifically the cause of action coming under the statute." *Cole qui tam* v. *Smith,* 4 *John.* 193.

We do not see that our Code of Procedure (which, it seems, in regard to the form of action, makes no exception as to actions for penalties,) alters the case. The leading principle upon which the code proceeds, is that the pleadings shall contain the fundamental facts and no more. Technicalities are disregarded, and it may be that the statutory offense could be stated sufficiently without using the very words of the statute, but that could only be done by the use of such other words as expressed the exact wrong made penal. The general rule in an indictment for a statutory offense, and we suppose the same would apply to an action upon a penal statute, is that it is sufficient if the offense be stated in the words of the act, which is possibly the safest course, but is not indispensably necessary. Penal acts are not to be construed so strictly as to defeat the obvious intention of the legislature. They are to be construed strictly in that sense, that the case in hand must be brought within the definition of the law, but not so strictly as to exclude a case which is within its words taken in their ordinary acceptation. That is to say, there is no peculiar or technical meaning given to language in penal more than in remedial laws.

Apply this principle to the complaint here. It did, with many reiterations, allege that the defendants won so many dollars at play from the person named, *on particular days named,* but it did not state the exact facts denounced by the statute as objectionable, to the extent of allowing a stranger to recover from the winner treble the amount so won. It did not attempt to state the offense in the words of the statute, nor indeed in equivalent words. The word "sitting" does not occur in the complaint, nor "any time," unless it may be considered that the words "on or about" a particular day named, meant "some time," and that, as argued, was equivalent to "any time." We do not regard time as important in reference to any particular day within three months, but necessary as to the manner in

which the money was won, viz., "at one time or sitting," which, as we think, was an important element of the offense under the statute.

It is insisted, however, that if the averments of the complaint were imperfect and incomplete, it was, under the code, incumbent upon the defendants to correct them by a motion to render them more definite and certain by amendment. Sometimes this is the proper remedy, but that must depend upon the inquiry whether the defects amounted to an entire failure to state any cause of action, or only a statement of it in an insufficient or informal manner. In the latter case, the remedy is by motion to make the faulty pleading more definite and certain, as in the case of *Childers* v. *Verner & Stribling*, 12 *S. C.* 4.

This proceeding by motion takes the place of a demurrer for want of form, or, as it was called under the old system of pleading, "a special demurrer." But if the averments are so defective, if the omission of material facts is so great, that even under the rule of a liberal construction, no cause of action is stated, it is not a mere case of insufficiency, but one of complete failure, and, in such case as we understand it, the proper remedy is by demurrer, and, subject to the right of amendment in particular cases, the complaint should be dismissed as in the case of a general demurrer sustained under the old system. Mr. Pomeroy says : " The true doctrine to be gathered from all the cases is, that if the substantive facts which constitute a cause of action are stated in a complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegation of these is imperfect, incomplete and defective, such insufficiency pertaining, however, to the form rather than the substance, the proper mode of construction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment." *Pom. Rem.*, § 549.

According to these well-established principles, was the defect in this complaint one of substance or of form merely? Were the facts necessary to support the action stated in the complaint? It is conceded in all the books on code pleading, that it is very difficult in many cases to discriminate between the two conditions

of partial and of total failure, and that it is utterly impossible to frame any accurate general formula which shall define the insufficiency of the averments and embrace all the possible instances within its terms. This difficulty touches the precise point of this case. Whilst it is admitted that the authorities on the subject are not all in accord, considering the nature of the action and the fact that the matter omitted constituted the essential element of the statutory offense, we are constrained to hold that really no cause of action was stated in the complaint, and that the defendants could not be required to help the plaintiff to make a case, where none was charged, against themselves. If a good cause of action under the statute had been alleged, no matter how imperfectly, the result would have been different. But taking all the facts as alleged to be true, they do not furnish a cause of action under the statute, and we think the Circuit judge committed no error in sustaining the demurrer.

The cause came on for trial, and, while being heard before a jury, the defendants put in a verbal demurrer under subdivision 6 of section 167 of the code, "that the complaint did not state facts sufficient to constitute a cause of action." The plaintiff joined issue, insisting that the complaint was sufficient, but asked the court, if it should hold otherwise, "for leave to amend by inserting in each cause of action such words as the court should deem necessary and proper." The judge sustained the demurrer and refused the motion to amend, and the question now is whether the refusal of the motion to amend was error of law reviewable by this court. The order proposed was in very general terms, asking leave to insert "such words as the court might deem necessary and proper;" but, seeking only the substantial rights of the parties, we lay no great stress upon that.

The code of procedure, from its dread lest the proper requirements as to form should degenerate into mere technicalities, has made most ample and liberal provisions for amendments at the trial itself, or at any other time in the progress of the cause. We are thoroughly in accord with the spirit of the code in its liberality in allowing amendments and in its opposition to the decision of controversies not involving the merits; but some rules are absolutely necessary, and all the writers on the codes agree

that there is some limit to the right of amendment. If the right were universal, and extended to all parties and under all circumstances, there would be no difficulty, but as it does not, there must be some judgment as to the proper cases for its application.

When the application is made at the trial, it is addressed to the discretion of the Circuit judge, and the exercise of that discretion is a most delicate and responsible duty, enhanced possibly in this case by the fact that if the amendment is not allowed, the action given by the statute will probably be barred. We agree entirely with what Judge Withers said in the case of *Mobley* v. *Mobley*, 7 *Rich.* 432: " Than judgments founded on the exercise of legal discretion, there is no description of official duty more perplexing to the judge who renders and the tribunal which reviews such judgments. The efforts of jurisprudence have always been earnest and diligent to render its maxims, its standards, precise, fixed, intelligible, and to substitute exact prescriptions for the necessary uncertainties of discretion." But after all there must, to a certain extent, be the exercise of discretion, sound discretion guided by law, " regulated by rule, not by humor."

Some of our cases would seem to indicate that, when the discretion of a judge has been exercised upon a motion to amend, his decision ordinarily is not appealable. *Cureton* v. *Hutchinson*, 3 *S. C.* 606 ; *Chichester* v. *Hastie*, 9 *S. C.* 334 ; *Mason* v. *Johnson*, 13 *S. C.* 20. An order involving merely the exercise of discretion cannot be appealable, as error of law cannot be averred against such an order. No general rule can be laid down upon the subject. There may be cases in which the exercise of that discretion will be reviewed, especially where the motion to amend is refused and the case is thereby ended, such order being somewhat in the nature of a final judgment. But as to amendments, much must be left to the discretion of the Circuit judge, and the exercise of it, as a rule, will not be disturbed, unless it deprives a party of a substantial right, which he can show he is entitled to under the law.

Did the plaintiff, whose complaint had been declared insufficient at the trial, have the right to an order to amend his complaint and go on with his case ? The Circuit judge thought not, and

refused it. A demurrer under the code for want of sufficient facts is said to be something like a "general demurrer" under the old system of pleading (*Bliss*, § 413); and there is no doubt an order allowing a general demurrer under that system ended the case, and was a final judgment between the parties. *Bagley* v. *Johnston*, 4 *Rich.* 22; *Gaillard* v. *Trenholm*, 5 *Rich.* 356, and notes.

But the code is more liberal in allowing amendments after demurrer allowed. There is, however, difference of opinion as to the extent to which it should go. There is, undoubtedly, much conflict in the cases upon the subject, particularly in the States of New York and Wisconsin. In one class of cases, even after demurrer sustained to the complaint, the plaintiff will be allowed, upon terms, to amend by inserting in his complaint a new cause of action, whenever such new cause does not make it necessary to change the summons. *Brown* v. *Leigh*, 49 *N. Y.* 79. But our code, in reference to amendments at the trial, seems to limit the right " to inserting allegations material to the case where the amendment does not change substantially the claim or defense." *Code*, § 196.

And, as far as we are able to ascertain, the most approved rule, and that certainly most in accord with all the analogies of pleading, is that an exception is made in those cases where the plaintiff proposes to set up a wholly different cause of action in place of the one which he attempted to set up in his original pleading, and, in such case, the motion comes too late. The leading case in this line of decision is that of *Supervisors* v. *Decker*, 34 *Wis.*, citing *Brayton* v. *Jones*, 5 *Wis.* 117, and appendix. See *Bliss Code Pl.*, § 429; *Pom. Rem.*, § 566; *Wait An. Code* 328, *note.* Mr. Pomeroy expresses it thus: " In giving a practical interpretation to the clauses of the code, a conflict of decision has arisen among the tribunals of the different States, which it is utterly impossible to reconcile. The rule is established by one class of cases, that in all the voluntary amendments before trial, for which the party applies to the court by motion, including those rendered necessary by the sustaining of a demurrer to his pleadings, he cannot, under the form of an amendment, change the nature and scope of his

actions; he cannot ___ titute a wholly different cause of action in place of the one which he attempted to set up in the original pleading," &c.

Taking this as the rule, we have certainly held that the complaint did not state facts necessary to constitute the peculiar action given by the statute to a stranger. The motion to amend it in the manner stated involved the right to insert "a wholly different cause of action;" indeed, a new cause of action, as none under the statute had been sufficiently stated. We think, therefore, that the judge, in refusing the order to amend, committed no abuse of his discretion which this court should correct. In view of the salutary principle of amendment we were inclined to a different result; but we are less reluctant to affirm the judgment when we consider the nature of the action, which, though civil in form, certainly partakes somewhat of the nature of a criminal proceeding. As stated by the judge, "this is a technical action, not founded on contract or consideration, but upon the strict letter of the law, and must be judged accordingly."

It is the judgment of this court that the judgment of the Circuit Court be affirmed.