24256

Donald E. SMITH and Mary S. Mercer, Petitioners v. Robert B. PHILLIPS, Andrew F. Phillips, and Opal B. Phillips, Respondents.

(458 S.E. (2d) 427)

Supreme Court

*Donald E. Smith* and *Mary S. Mercer*, Charlotte, pro se.

*Desa A. Ballard* and *L. Joel Chastain*, of *Ness, MOtley, Loadholt, Richardson & Poole*, Barnwell, *for respondents.*

Heard May 2, 1995.

Decided June 12, 1995.

*Per Curiam:*

We granted certiorari to review the Court of Appeals' decision of *Johnson v. Phillips*, 315 S.C. 407, 433 S.E. (2d) 895 (Ct. App. 1993).[1] We affirm the holding that reinstates respondents' (Phillips') counterclaim, but reverse the Court of Appeals in so far as it ordered a new trial on petitioners' (Developer's) nuisance claims, and reversed the mandatory injunction. We remand for further proceedings on the counterclaim and the request for injunctive relief.

This is a dispute between adjoining landowners over water damage to both properties allegedly caused by the unlawful actions of the neighbor. Developer owns the upland property

---

[1] Johnson was petitioners' bankruptcy trustee. Petitioners have now been substituted for the trustee.

while Phillips owns the lower tract. The allegations include claims that Developer improperly collected and cast surface water upon Phillips property, and that the Phillips unlawfully blocked surface water and natural water course water, causing it to back up on Developer's property. *See Johnson v. Phillips, supra,* for a more extensive discussion of the facts; *see also Johnson v. Williams,* 238 S.C. 623, 121 S.E. (2d) 23 (1961), for a discussion of the principles applicable to surface water and natural water course water.

The jury found for Developer on his two nuisance claims but awarded him zero damages. The trail judge directed a verdict against Phillips on their counterclaim, and issued a mandatory injunction requiring them to remove certain obstructions on their property. Phillips appealed, but the Developer did not.

On appeal, the Court of Appeals *sua sponte* raise the issue of the propriety of a jury verdict in a nuisance claim finding liability but no damages. It concluded that such an inconsistent verdict imposed a duty on the trial judge to reject it and to re-instruct the jury even where, as her, there was no objection by either party. Further, the Court of Appeals concluded that it could reach this issue on appeal, even though it had to been raised at trial nor had it been raised on appeal. Both these holdings are erroneous and are reversed.

It is well settled that, but for a very few exceptional situations not present here,[2] an appellant court cannot address an issue unless it was raised to, and ruled upon by, the trial court. *Beaufort County v. Butler,* 316 S.C. 465, 451 S.E. (2d) 386 (1994). The Court of Appeals erred in reaching this issue. Further, we hold there is not duty imposed on the trial judge to question a jury's verdicts on the nuisance claims.

The Court of Appeals reversed the trial court's directed verdict on Phillips' counterclaim. We agree there is evidence from which the jury could have found Developer unlawfully cast surface water on Phillips' property, and affirm the reinstatement of the counterclaim.

The Court of Appeals also reversed the mandatory injunction issued against Phillips, holding imposition of a mandatory injunction is inequitable where the party

---

[2] See 15 SC Juris *Appeal and Error* §§ 71-73 (1992 and Supp. 1994).

seeking it suffered little or no damages. While a finding of damages is not a prerequisite to the issuance of an injunction, *see Johnson v. Williams, supra,* the decision to issue injunctive relief must be based upon a balancing of the equities. *Id.* We hold any decision on Developer's request for mandatory injunction is premature until the counterclaim issue is resolved. Accordingly, we affirm the Court of Appeals insofar as it vacates the injunction, but remand both that issue and the counterclaim issue is resolved. Accordingly, we affirm the Curt of Appeals insofar as it vacates the injunction, but remand both that issue and the counterclaim for further proceedings.[3] The decision of the Court of Appeals is.

Affirmed in part; reversed in part.

---

[3] Whether there is any viable relief which can be afforded the parties in their present posture, and thus whether there will be any further proceedings, is a matter we leave to the parties' discretion.