478 S.E.2d 683

Carolyn MONTJOY, Individually and on Behalf of
Abbeville County, South Carolina, Appellant,

v.

ONE STOP OF ABBEVILLE, INC., Scott Ward, Stephen E.
Lipscomb d/b/a American Amusements, Rhonda D. Monroe and
Abbeville County, South Carolina, of Whom One Stop of Abbe-
ville, Inc., Scott Ward, and Stephen E. Lipscomb d/b/a Ameri-
can Amusements are, Respondents.

No. 24540.

Supreme Court of South Carolina.

Heard March 6, 1996.
Decided Dec. 2, 1996.

18

H. Jeff McLeod, Anderson, for appellant.

Timothy G. Quinn, of Harrison & Quinn, Columbia, for respondents.

FINNEY, Chief Justice:

Carolyn Montjoy brought this action against respondents pursuant to S.C.Code Ann. § 32-1-20 (1991) which allows a person to sue for the recovery of the gambling losses of another. Montjoy's daughter, Rhonda Monroe, lost a total of $7,000 playing video poker between October 28, 1992, and December 31, 1992. Monroe did not bring an action to recover her losses within the three months time limit under S.C.Code Ann. § 32-1-10 (1991). Montjoy instituted this action May 24, 1993, to recover her daughter's losses. Montjoy is seeking actual damages plus treble damages with Abbeville County entitled to receive one-half of any recovery.

Respondents filed motions for summary judgment and to dismiss. The trial court granted the motions because: 1) Montjoy was barred by the three months statute of limitations in § 32-1-10; 2) video poker constitutes a lottery and therefore, the agreement violated Article XVII, § 7 of the S.C. Constitution; and 3) the complaint failed to allege the critical language "at any time or sitting." Montjoy appeals the circuit court order. We reverse.

### Statute of limitations

The three month statutory limitation provided in § 32-1-10 applies only to the gambler's recovery of her own losses. *Ardis v. Ward*, 321 S.C. 65, 467 S.E.2d 742 (1996). This action was instituted by a third party pursuant to § 32-1-20. Because § 32-1-20 is in the nature of a penalty, S.C.Code Ann. § 15-3-570 (1976) is the appropriate statute of limitations. The general limitation on civil actions provides in part that "[a]n action upon a statute for a penalty or forfeiture given, in whole or in part, to any person who will prosecute for it must be commenced within one year after the commission of the offense." § 15-3-570. Accordingly, Montjoy is not barred by the three month statute of limitations and could commence an action within one year after each loss. We reverse the trial judge's finding that appellant's claim is barred by the statute of limitations.

### Constitutionality

The trial judge found the agreement was unenforceable because it pertained to a lottery prohibited by the State Constitution. Appellant here is not urging that an agreement has been violated. Instead, she brought this action under the statutory provision allowing for the recovery of gambling losses. The trial court erred in addressing the constitutionality of agreements involving video poker machines because this action was not brought pursuant to an agreement or contract. *Ardis v. Ward, supra.*

### Failure to state a cause of action

The trial judge found the motion to dismiss should be granted because the complaint failed to comply with *Trumbo v. Finley*, 18 S.C. 305 (1882) in that it failed to allege the critical language "at any time or sitting." The Court in *Trumbo* found the predecessor to § 32-1-20 to be a penal statute, and as such the complaint must be strictly construed against the drafter.

Montjoy alleged in the complaint the specific dates that the losses occurred, but did not use the language "at any time or sitting." Following the order of dismissal, appellant filed a Motion to Reconsider and Motion to alter or amend the

complaint, along with a copy of the amended complaint. The trial judge issued an order denying the motion to reconsider, but did not address the motion to alter or amend the complaint. It is consistent with the trial court's dismissal not to specifically rule on the motion to amend. The circuit court can rule on the motion to amend upon remand.

For the foregoing reasons, this matter is REVERSED AND REMANDED pursuant to *Ardis v. Ward, supra.*

TOAL and MOORE, JJ., and GEORGE T. GREGORY, Jr., Acting Associate Justice, concur. BURNETT, J., concurs in separate opinion.

BURNETT, Justice, concurring:

I concur in result only. I write separately because, in my opinion, S.C.Code Ann. §§ 32-1-10 and -20 do not apply to gambling losses which are incurred while playing a video poker machine. South Carolina Code Ann. § 32-1-10 provides, in relevant part:

> Any person who shall at any time or sitting, by playing at cards, dice table or any other game whatsoever ... *lose to any person or persons so playing* ... the sum or value of fifty dollars and shall pay or deliver such sum or value or any part thereof shall be at liberty, within three months then next ensuing, to sue for and recover the money or goods so lost and paid or delivered or any part thereof from the respective winner or winners thereof ...

(Emphasis added).[1]

The statutory language is clear and unambiguous and, therefore, must be limited to its terms. *Berkebile v. Outen,* 311 S.C. 50, 426 S.E.2d 760 (1993) (where a statute is clear and unambiguous, it must be applied according to its literal meaning).

This issue cannot be reviewed because it was not presented to the trial court. "[B]ut for a very few exceptional situations not present here, an appellate court cannot address an issue

---

1. *McCurry v. Keith,* 312 S.C. 254, 439 S.E.2d 861 (Ct.App.1994), in my opinion, incorrectly holds video poker machine losses to be recoverable under § 32-1-10.

unless it was raised to, and ruled upon by, the trial court." *Smith v. Phillips*, 318 S.C. 453, 458 S.E.2d 427, 429 (1995).