518 S.E.2d 40

Jay JUSTICE, Respondent,

v.

THE PANTRY, Hot Spot, R.L. Jordan, Short Stop, Thomas Reagan, Li'l Cricket Food Stores, Gordon Zuber, The Dugout, Mid–South, Inc., Fuel City Number 61, Briar Patch, Jerry Matheson, Aladdins, Mary Heatherly, Thirty Something, Gene Lamb & Mary Alice Lamb, Highway Number 9 Auto Stop, & Steve West, Petitioners.

No. 24972.

Supreme Court of South Carolina.

Heard June 9, 1999.

Decided July 13, 1999.

---

574

John J. McCauley, of Breibart, McCauley & Newton, P.A., of Lexington, for Petitioner The Pantry. H. Buck Cutts, of Surfside, for Petitioner Mid–South, Inc., d/b/a The Dugout. Dwight F. Drake, C. Mitchell Brown, & Zoe Sanders Nettles, all of Nelson Mullins Riley & Scarborough, L.L.P., of Columbia, for all other petitioners.

Christopher G. Isgett, of Lee, Eadon, Isgett, & Popwell, of Columbia, for respondent.

ON WRIT OF CERTIORARI TO
THE COURT OF APPEALS

BURNETT, Justice:

This Court granted certiorari to review the Court of Appeals' opinion in *Justice v. The Pantry*, 330 S.C. 37, 496 S.E.2d

871 (Ct.App.1998).[1]  We affirm as modified.

## FACTS

Respondent filed two lawsuits against petitioners under S.C.Code Ann. § 32–1–20 (1991) to recover gambling losses incurred by his mother and sister while playing video poker. Petitioners moved to dismiss pursuant to Rule 12(b)(6), SCRCP, claiming respondent failed to plead facts sufficient to support a cause of action under the statute.  Relying on *Trumbo v. Finley*, 18 S.C. 305 (1882), the trial court granted the motion finding § 32–1–20 is a penal statute and must be pled "according to the strict letter of the law."

On appeal, the Court of Appeals reversed and remanded the case finding the trial court's reliance on *Trumbo* was "misplaced because the pleading rules established in *Trumbo* for penal statutes in civil actions have been replaced by the South Carolina Rules of Civil Procedure." *Justice*, 330 S.C. at 41, 496 S.E.2d at 873.  Further, under Rule 8, SCRCP, the Court of Appeals determined respondent had sufficiently pled the facts to establish a cause of action under § 32–1–20.

## ISSUES

I.  Did the Court of Appeals err in holding the pleading rules in *Trumbo v. Finley, supra*, have been replaced by the South Carolina Rules of Civil Procedure?

II.  Did the Court of Appeals err in finding a cause of action under § 32–1–20 was sufficiently pled?

## DISCUSSION

### I.

■  Petitioners argue the Court of Appeals erred in holding the SCRCP have superseded the pleading rules established in *Trumbo* for penal statutes in civil actions.  We agree.

The *Trumbo* court discussed the requirements of pleading a cause of action under a penal statute.  Under *Trumbo*, a penal

---

1.  This Court denied certiorari to review the portion of the Court of Appeals' opinion addressing whether S.C.Code § 32–1–20 (1991) had been impliedly repealed by the Video Game Machine Act.

statute will be strictly construed against the pleader; however, it will not be so strictly construed as to absolutely require pleading the exact words of the statute. The Court stated "[t]echnicalities are disregarded, and it may be that the statutory offense could be stated sufficiently without using the very words of the statute," as long as the words which are used express the exact wrong. *Trumbo*, 18 S.C. at 312. The Court stated "there is no peculiar or technical meaning given to language in penal more than in remedial laws." *Id.* at 312. Moreover, the Court noted "[p]enal acts are not to be construed so strictly as to defeat the obvious intention of the legislature." *Id.* at 312. Under *Trumbo*, the pleading shall contain the fundamental facts necessary to establish a cause of action under the statute. The *Trumbo* court held § 32–1–20 is penal in nature.

The Court of Appeals erroneously decided the SCRCP have superseded *Trumbo*'s pleading rules. The SCRCP became effective on July 1, 1985. Rule 86, SCRCP. However, the SCRCP retained the requirements of Code Pleading. Harry M. Lightsey, Jr., & James F. Flanagan, *South Carolina Civil Procedure* 276 (1985). Code Pleading was adopted in South Carolina in 1870, prior to the *Trumbo* decision. *Id.* at 46. Accordingly, the *Trumbo* pleading rules were established pursuant to Code Pleading and these rules are still valid.

## II.

■ Petitioners argue the Court of Appeals erred in finding a cause of action under § 32–1–20 had been sufficiently pled. Specifically, petitioners claim the complaints fail to give petitioners notice of when or to whom the losses occurred. We disagree.

■ The grant of a motion to dismiss for failure to state facts sufficient to constitute a cause of action cannot be upheld if facts alleged in the complaint and inferences reasonably deducible therefrom, if proven, would entitle the plaintiff to relief on any theory of the case. *Newton v. South Carolina Public Railways Comm'n*, 319 S.C. 430, 462 S.E.2d 266 (1995); *Brown v. Leverette*, 291 S.C. 364, 353 S.E.2d 697 (1987). "The trial court and this [C]ourt on appeal must presume all well pled facts to be true." *Morrow Crane Co. v. T.R. Tucker*

*Constr. Co.,* 296 S.C. 427, 429, 373 S.E.2d 701, 702 (Ct.App. 1988). "[A] judgment on the pleadings is considered to be a drastic procedure by our courts." *Russell v. City of Columbia,* 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) (citation omitted).

Section 32–1–10 states:

Any person who shall *at any time or sitting,* by playing at cards, dice table or any other game whatsoever, . . . lose to any person or persons so playing or betting, in the whole, the sum or value of fifty dollars and shall pay or deliver such sum or value . . . shall be at liberty, within three months then next ensuing, to sue for and recover the money or goods so lost. . . .

S.C.Code Ann. § 32–1–10 (1991) (emphasis added). Section 32–1–20 permits any person to sue for the gambling losses, provided the loser does not sue and there is no covin or collusion between the loser and the plaintiff. A person who sues pursuant to § 32–1–20 may recover treble the value of the gambling losses.[2]

Under *Trumbo,* the plaintiff must plead facts which are sufficient to establish the statutory elements of the cause of action. *Trumbo, supra.* The Court in *Trumbo* construed the phrase "at any time or sitting" to require the gambler to incur the loss at any *one* time (i.e. a single bet) or sitting (i.e. a course of play). *Id.* at 311. In *Trumbo,* the Court noted the complaint did not state the money was lost "at one time or sitting" and did not contain the word "sitting" at all in the complaint. *Id.* at 312–13. Because the plaintiff's complaint in *Trumbo* "did not attempt to state the offense in the words of the statute nor in equivalent words," the Court held the complaint did not sufficiently state a cause of action. *Id.* at 312.

Respondent's complaints alleged:

That on several dates throughout the calendar years of 1995–1996, [sister/mother] of the Plaintiff, while gambling on the poker video [sic] machines, owned and/or operated by

---

2. Sections 32–1–10 & –20 were originally adopted in 1712 and statutory language has changed very little since then. *See Berkebile v. Outen,* 311 S.C. 50, 426 S.E.2d 760 (1993).

the Defendants, lost in excess of Fifty Dollars ($50.00) per sitting.

The trial court ruled the complaints were insufficient because they failed to allege: (1) the *Trumbo* "one time or sitting" element; (2) whether the loss occurred "by playing at cards, dice table or any other game;" and (3) to whom the alleged losses occurred. The Court of Appeals disagreed stating:

> Justice's complaints contain sufficient allegations regarding these three elements and comply with Rule 8, SCRCP. First, Justice clearly alleged in his complaints that his mother and sister, while gambling, "lost in excess of Fifty Dollars ($50.00) *per sitting*" (emphasis added). Secondly, Justice specifically alleged that the money was lost "while gambling on the poker video machines." Finally, Justice alleged the money was lost to the Defendants named in the complaints, who "owned and/or operated" the video poker machines.

*Justice,* 330 S.C. at 42, 496 S.E.2d at 873–74.

We agree with the Court of Appeals' assessment of respondent's complaints. Even under the *Trumbo* pleading rules, these complaints plead facts which sufficiently establish the required statutory elements.

■ Petitioners further contend, because the complaints fail to allege the specific dates of when the losses occurred, they were unable to determine if the one year statute of limitations defense was applicable. Specifically, citing Rule 9(f), SCRCP, petitioners maintain respondent is required to aver the dates when the losses occurred.[3]

Rule 9(f), SCRCP,[4] does not require allegations of time to be included in a pleading. 24 S.C. Jurisprudence *Rules of Civil Procedure* § 9.2 (1994); *see also Jones v. United Gas Improvement Corp.,* 383 F.Supp. 420 (E.D.Pa.1974) (the rule does not require specific allegations of time, but merely states when such specific allegations are made they are material); 5

---

3. Rule 9(f), SCRCP, states: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

4. Rule 9(f), SCRCP is the same as Fed.R.Civ.Proc. 9(f).

Wright & Miller, *Fed.Prac. & Proc.* § 1309 (2d ed. 1990). Instead, it requires, if pleadings contain allegations of time, the allegations must be accurate. 24 S.C. Jurisprudence *Rules of Civil Procedure* § 9.2; 5 Wright & Miller, *Fed.Prac. & Proc.* § 1308. Moreover, Rule 9(f) does not require specificity when pleading time. *See Supreme Wine Co. v. Distributors of New England, Inc.*, 198 F.Supp. 318 (D.Mass.1961). The purpose of this rule is to provide a mechanism for the testing of certain claims and defenses, including the statute of limitations. *See* 5 Miller & Wright, *Fed.Prac. & Proc.* §§ 1308–09; *see also Gossard v. Gossard*, 149 F.2d 111 (10th Cir.1945).

Under *Trumbo*, the dates of the gambling are not a required element of the statute. *See Trumbo*, 18 S.C. at 312–13 ("We do not regard time as important in reference to any particular day within three months, but necessary as to the manner in which the money was won, viz., 'at one time or sitting,' which, as we think, was an important element of the offense under the statute."). Instead, the complaint should indicate "the manner in which the money was won," i.e. "at one time or sitting."

*Trumbo*, 18 S.C. at 312–13. Thus, the one year statute of limitations is not a statutory element which must be specifically pled.

■ The complaints were filed March 8, 1996 and state the losses occurred "on several dates throughout the calendar years of 1995–96." This statement adequately sets out the time period when respondent claims the losses occurred so petitioners can determine if they should raise a statute of limitations defense. Any claim which arose more than one year before the complaint was filed is time barred. *See Montjoy v. One Stop of Abbeville, Inc.*, 325 S.C. 17, 478 S.E.2d 683 (1996) (the general one year statute of limitations applies to a third party's action to recover gambling losses). Petitioners are on notice as to when the losses occurred and pretrial discovery will assist petitioners in uncovering the exact dates on which the gambling took place.

**AFFIRMED AS MODIFIED.**

FINNEY, C.J., TOAL and MOORE, JJ., and Acting Associate Justice GEORGE T. GREGORY, Jr., concur.