UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RICKEY B. BRYANT, individually and
as Guardian ad Litem for Chrystal
R. and Stephanie Windham Bryant,
minors under the age of 17; BRENDA
S. BRYANT, individually and as
Guardian ad Litem for Chrystal R.
and Stephanie Windham Bryant,
minors under the age of 17; SCOTTIE
NEAL PHILBECK,

> *Plaintiffs-Appellants,*

and

No. 00-1894

STEPHEN L. BANNISTER; GENEVIE W.
BANNISTER,

> *Plaintiffs,*

v.

FOOD LION, INCORPORATED; PROFIT
SHARING RETIREMENT PLAN OF FOOD
LION, INCORPORATED; FOOD LION,
INCORPORATED GROUP BENEFIT PLAN,

> *Defendants-Appellees.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CA-90-505-2-11)

Argued: April 3, 2001

Decided: April 30, 2001

Before WILKINSON, Chief Judge, WILLIAMS, Circuit Judge,
and Frederic N. SMALKIN, United States District Judge for the
District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Julia Penny Clark, BREDHOFF & KAISER, P.L.L.C., Washington, D.C., for Appellants. Jane W. Trinkley, MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Appellees. **ON BRIEF:** Nicholas W. Clark, Washington, D.C., for Appellants. Charles Porter, MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case comes to us after some ten years of proceedings in the district court, which culminated in a bench trial spanning several weeks during 1997. On May 26, 2000, the district court entered a 74-page opinion setting forth its findings of facts and conclusions of law pursuant to Fed. R. Civ. P. 52. The result was a judgment in favor of the defendants on all claims of the plaintiffs that remained in the case after the lengthy pretrial proceedings.

The Court has reviewed the record, and it has found no reversible error in the carefully crafted work product of the district court. Although this Court affirms primarily on the reasoning of that court, there are a few specific points that warrant discussion.

One of the principal arguments raised in this appeal is that the district court applied the wrong legal standard in evaluating evidence of certain internal memoranda of Food Lion (and conversations or discussions) relating to an alleged policy by Food Lion against "hanging-

on" by employees, *i.e.*, an alleged policy to discourage employees from maintaining their employment when they were perceived to be simply hanging on to vest in the company's ERISA-governed profit sharing plan.

Appellants' theory of the case was that Mr. Bryant (and others) were terminated (or not rehired) in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, for a prohibited discriminatory reason, *viz.*, in order to keep them from vesting in the plan, which vesting would occur after five years of Food Lion employment. It was claimed by appellants that management personnel had a self-interest in preventing "hanging-on," in that a terminated employee's pre-vesting profit share would be forfeited back into the general fund, thus, to some small extent, increasing the share of other Food Lion employees, including managerial decision-makers. Appellants claimed that the evidence in question was probative of the ERISA-prohibited policy and motivation of decision-makers, including those who made decisions relating to the remaining plaintiffs in this case. The district court, citing this Court's decision in *Henson v. Liggett Group, Inc.*, 61 F.3d 270 (4th Cir. 1995), stated, at one point in its 74-page opinion, that "[s]uch evidence is as a matter of law not probative of any plaintiff's claim." The appellants claim that by barring such evidence from its consideration, the district court made an error of law.

We disagree. We do not understand the reference by the district court to *Henson* to have amounted to a categorical exclusion from all consideration of all the evidence offered by plaintiffs in the form of memoranda and conversations. Although perhaps a bit overbroad, the district court's statement, read in context, actually relates to the judge's assignment of little or no probative weight to the evidence in question. Thus, the district court did not err in its application of *Henson* to the evidence in this case, and that court's findings of fact and conclusions of law are not tainted by any reversible error affecting a substantial right of appellants in the exclusion of relevant, probative evidence. *See* Fed. R. Evid. 103(a).

Thus, as to the ERISA claims, this Court is of the opinion that the district court properly applied governing law, and that none of its findings of fact have been demonstrated to be clearly erroneous. *See*

*Anderson v. City of Bessemer*, 470 U.S. 564 (1985). Thus, we affirm the district court's findings and conclusions to the effect that appellants were not subject to discriminatory treatment in violation of ERISA in order to keep them from vesting in the profit sharing plan.

The only other point that warrants discussion is whether the district court properly concluded that certain plaintiffs' terminations were for "gross misconduct," thus relieving Food Lion of offering so-called COBRA benefits. *See* 29 U.S.C. § 1163(2). In light of the district court's findings of fact as to the nature of the conduct involved (which, for example, as to Mr. Bryant, included "flagrant, repeated insubordination" by a managerial employee), this Court is of the opinion that the district court did not err in characterizing such conduct as "gross misconduct" for COBRA purposes.

For the reasons stated, the judgment of the district court is affirmed.

*AFFIRMED*