**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHERRY PRESSLEY,

        *Plaintiff-Appellant,*

        v.

TUPPERWARE LONG TERM DISABILITY
PLAN; THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        *Defendants-Appellees,*

        and

TUPPERWARE US, INCORPORATED,

        *Defendant.*

No. 08-1350

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(4:05-cv-01875-TLW-TER)

Argued: December 4, 2008

Decided: January 21, 2009

Before KING and DUNCAN, Circuit Judges,
and Rebecca Beach SMITH, United States District Judge
for the Eastern District of Virginia, sitting by designation.

---

Vacated and remanded by published opinion. Judge King
wrote the opinion, in which Judge Duncan and Judge Smith
joined.

**COUNSEL**

**ARGUED:** Stephen J. Wukela, WUKELA LAW FIRM, Florence, South Carolina, for Appellant. Mark William Bakker, WYCHE, BURGESS, FREEMAN & PARHAM, P.A., Greenville, South Carolina, for Appellees. **ON BRIEF:** J. Theodore Gentry, WYCHE, BURGESS, FREEMAN & PARHAM, P.A., Greenville, South Carolina, for Appellees.

---

**OPINION**

KING, Circuit Judge:

Sherry Pressley appeals from the district court's dismissal, for being time-barred, of her claim against The Prudential Insurance Company of America ("Prudential") for its failure to respond to a request for information, in contravention of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). *See Pressley v. Tupperware Long Term Disability Plan*, No. 4:05-cv-01875 (D.S.C. Sept. 18, 2006) (the "Dismissal Order").[1] Pressley also appeals from the court's denial of her motion for reconsideration of the Dismissal Order. *See Pressley v. Tupperware Long Term Disability Plan*, No. 4:05-cv-01875 (D.S.C. Feb. 25, 2008) (the "Reconsideration Order").[2] As explained below, we vacate and remand.

I.

The operative complaint in these proceedings (the "Complaint") was brought against Prudential; Tupperware US, Incorporated ("Tupperware"); and the Tupperware Long Term

---

[1]The Dismissal Order is found at J.A. 146-55. (Citations herein to "J.A. ___" refer to the contents of the Joint Appendix filed by the parties in this appeal.)

[2]The Reconsideration Order is found at J.A. 162-86.

Disability Plan (the "Plan").[3] According to the Complaint, Pressley was an employee of Tupperware, and a participant in the Plan. *See* Complaint ¶ 7. On July 16, 2002, Pressley "left work at Tupperware due to medical conditions," and she then sought benefits under the Plan. *Id.* ¶¶ 8-9. The defendants — including Prudential, the insurer of the Plan — refused, however, to approve such benefits for Pressley. *See id.* ¶ 10. Moreover, Prudential and Tupperware failed to provide Pressley with requested information. *See id.* ¶¶ 35-37. With specific regard to Prudential, "[o]n August 20, 2002, and on numerous dates thereafter, [Pressley] sent a written request for information," including "a copy of the policy." *Id.* ¶ 35.[4] Pressley submitted a similar request to Tupperware on February 6, 2003. *See id.* ¶ 36. Nonetheless, "[a]s of the date of [the] Complaint," Prudential and Tupperware had "yet to supply the requested information." *Id.* ¶ 37.

Pressley filed her Complaint in a South Carolina state court, and this action was thereafter removed to the District of South Carolina. Among the claims asserted in the Complaint is the one at issue herein: the ERISA claim, initiated pursuant to 29 U.S.C. § 1132(c), for failure to respond to a request for information (the "§ 1132(c) claim"). Pressley initially asserted the § 1132(c) claim against all three defendants, but she later agreed to dismiss the claim as to the Plan.

Prudential and Tupperware each filed a motion, under Federal Rule of Civil Procedure 12(b)(6), to dismiss the § 1132(c) claim.[5] By its Dismissal Order of September 18, 2006, the dis-

---

[3] The Complaint — which is found at J.A. 12-20 — is an amended pleading of May 27, 2005. The parties have since agreed that Pressley misnamed the Plan in the Complaint; the Plan's correct name is the Tupperware Corporation Benefits Plan.

[4] The record reflects that Pressley sent a second request for information to Prudential on January 2, 2003.

[5] By their motions, both Prudential and Tupperware sought, in the alternative, a Rule 56 award of summary judgment on Pressley's § 1132(c)

trict court granted Prudential's and Tupperware's motions, entering a Rule 12(b)(6) dismissal of the § 1132(c) claim for being time-barred. Thereafter, Pressley requested, pursuant to Rule 59(e), that the court reconsider the Dismissal Order. By its Reconsideration Order of February 25, 2008, however, the court denied Pressley's Rule 59(e) request. The court entered final judgment that same day, and Pressley then timely noted this appeal. Because Pressley subsequently released Tupperware from this appeal pursuant to a settlement agreement, the appeal now concerns only Pressley's § 1132(c) claim against Prudential.

## II.

We review de novo a district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6). *See Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005). "[W]here facts sufficient to rule on an affirmative defense" — including "the defense that the plaintiff's claim is time-barred" — "are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

## III.

Here, the district court applied a one-year statute of limitations to Pressley's § 1132(c) claim. The court concluded that the § 1132(c) claim was time-barred, because the alleged requests for information all occurred more than one year before the filing of the Complaint. Pressley contends, how-

claim. Tupperware premised its motion on the contention that the § 1132(c) claim was time-barred. Prudential focused its motion on the argument that it is not an "administrator" subject to liability on the § 1132(c) claim, but also summarily adopted Tupperware's timeliness contention.

ever, that a three-year statute of limitations applies, rendering her § 1132(c) claim timely and necessitating the vacatur of the judgment in favor of Prudential. We address the timeliness issue beginning with a discussion of the relevant statutes, followed by an overview of the district court's ruling. Finally, we explain our own assessment of the applicable statute of limitations.

A.

The ERISA provision giving rise to Pressley's § 1132(c) claim provides, in pertinent part, that

> [a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable *to such participant or beneficiary* in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B) (emphasis added). Section 1132 specifies that "[a] civil action may be brought . . . by a participant or beneficiary . . . for the relief provided for in subsection (c) of this section." *Id.* § 1132(a)(1)(A). Significantly, § 1132 does not identify any other person who may bring a civil action for subsection (c) relief.

Because § 1132 does not contain a statute of limitations, courts must "borrow the state law limitations period applicable to claims most closely corresponding to the federal cause

of action." *White v. Sun Life Assurance Co. of Can.*, 488 F.3d 240, 245 (4th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985)). Prudential maintains that the state law limitations period for claims most closely corresponding to Pressley's § 1132(c) claim is found in South Carolina Code Annotated section 15-3-570, which provides that "[a]n action upon a statute for a penalty or forfeiture given, in whole or in part, to any person who will prosecute for it must be commenced within one year after the commission of the offense."[6] Pressley, however, urges the application of a different statutory provision — section 15-3-540, providing that "[a]n action upon a statute for a penalty or forfeiture when the action is given to the party aggrieved or to such party and the State" must be brought within three years.[7]

## B.

In its Dismissal Order, the district court observed that the difference between South Carolina Code Annotated sections 15-3-570 and 15-3-540 "is that [section] 15-3-570 applies to statutory penalties given to 'any person who will prosecute for it' while [section] 15-3-540 applies to statutory penalties given to 'the party aggrieved.'" Dismissal Order 4. The court further noted Pressley's assertion that an ERISA penalty under 29 U.S.C. § 1132(c) "is given to the person aggrieved rather than to anyone who will prosecute for it." *Id.*

Nonetheless, the district court agreed with Prudential that the one-year limitations period in South Carolina Code Anno-

---

[6]Section 15-3-570 further provides that, "[i]f the action be not commenced within the year by a private party it may be commenced within two years thereafter in behalf of the State by the Attorney General or the solicitor of the circuit where the offense was committed, unless a different limitation be prescribed in the statute under which the action is brought."

[7]Subsection (2) of section 15-3-540 — the relevant subsection here — further provides that the three-year limitation period applies "except when the statute imposing [the action] prescribes a different limitation." Subsection (1) relates to actions against sheriffs, coroners, and constables.

tated section 15-3-570 applies to Pressley's § 1132(c) claim. In so ruling, the court found support in our unpublished decision in *Underwood v. Fluor Daniel, Inc.*, No. 95-3036, 1997 WL 33123 (4th Cir. Jan. 28, 1997). There, in calculating the appropriate penalty for a notice violation pursuant to 29 U.S.C. § 1132(c), we observed that, "[u]nder South Carolina law, private parties must commence an action for statutory penalties or forfeitures within one year of the triggering event." *Underwood*, 1997 WL 33123, at *5 (citing S.C. Code Ann. § 15-3-570).[8] As the district court recognized, however, there is no indication that the *Underwood* plaintiff raised, or that we considered, the possibility that section 15-3-540's three-year limitations period applies. *See* Dismissal Order 4. The court also properly acknowledged that *Underwood*, as an unpublished opinion, does not constitute "binding precedent," and that our discussion of the applicable statute of limitations therein "may be dicta." *Id.* at 5.

The district court was persuaded to follow *Underwood*, however, by *Bryant v. Food Lion, Inc.*, 100 F. Supp. 2d 346 (D.S.C. 2000). Relying on *Underwood*, the *Bryant* district court rejected the contention of ERISA plaintiffs that South Carolina's three-year, rather than one-year, limitations period applied to their claims for notice violation penalties under 29 U.S.C. § 1132(c). *See Bryant*, 100 F. Supp. 2d at 376-77. The court recognized that "[t]he statute on which plaintiffs rely" — South Carolina Code Annotated section 15-3-540 — "was neither cited nor discussed in *Underwood*." *Id.* at 377. Yet, the court observed, "[t]he Fourth Circuit explicitly held that [section] 15-3-570 applied to a [§ 1132(c)] penalty claim

---

[8]A notice violation actionable under § 1132(c) involves failing to give timely notice of rights under ERISA or the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161-1169 ("COBRA"). *See* 29 U.S.C. § 1132(c)(1)(A). The district court concluded that there is no basis for applying different limitations periods depending on whether a § 1132(c) claim was brought under subsection (1)(A) for failure to give notice of ERISA or COBRA rights, or under subsection (1)(B) for failure to respond to a request for information. On this issue, we agree with the district court.

brought in South Carolina." *Id.* Because the plaintiffs "offered no reason for [the *Bryant* court] to reach a different conclusion," the district court determined that section 15-3-570's one-year limitations period applied. *Id.* We subsequently affirmed *Bryant* in an unpublished opinion that did not discuss the statute of limitations issue. *See Bryant v. Food Lion, Inc.*, 8 F. App'x 194 (4th Cir. 2001).

Here, in justifying its reliance on *Underwood* and *Bryant*, the district court explained that *Underwood*, though unpublished, "provide[s] persuasive authority in light of the fact that the Fourth Circuit had the opportunity to address the issue upon the appeal of the district court's decision in the *Bryant* case and declined to do so." Dismissal Order 5. The court also observed that "[n]o other cases have been cited by the parties that focus on this precise question" of the applicable statute of limitations. *Id.* The court concluded that, "[i]n light of *Underwood* and absent any case law outlining the application of and differences between [section] 15-3-570 versus [section] 15-3-540," it was "constrained to follow the conclusion set forth in *Underwood* although it may be dicta." *Id.*

## C.

Notwithstanding our prior decisions in *Underwood* and *Bryant*, we now conclude that the three-year statute of limitations found in South Carolina Code Annotated section 15-3-540 is applicable to Pressley's § 1132(c) claim. We, of course, are not bound by *Underwood* and *Bryant* in that they were unpublished. *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions," and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (internal quotation marks omitted)). In the circumstances, we do not find *Underwood* and *Bryant* to be persuasive. As noted above, there is no indication that the *Underwood* plaintiff argued for, or that we considered, the applicability of section

15-3-540 to a § 1132(c) claim. And, we did not acknowledge or address the statute of limitations issue in *Bryant*. Having now had the opportunity to fully consider the relevant statutes, we deem section 15-3-540 to apply to claims most closely corresponding to Pressley's § 1132(c) claim.

In so concluding, we observe that, "[u]nder the most basic canon of statutory construction, we begin interpreting a statute by examining the literal and plain language of the statute." *Carbon Fuel Co. v. USX Corp.*, 100 F.3d 1124, 1133 (4th Cir. 1996). The literal and plain language of section 15-3-540 — creating a three-year limitations period for "[a]n action upon a statute for a penalty or forfeiture when the action is given to the party aggrieved" — fits precisely with a claim for penalties under 29 U.S.C. § 1132(c) for failure to respond to a request for information, because such claim is given to the requesting "participant or beneficiary," i.e., "the party aggrieved."

To be sure, South Carolina Code Annotated section 15-3-570 — imposing a one-year limitations period on "[a]n action upon a statute for a penalty or forfeiture given, in whole or in part, to any person who will prosecute for it" — could be read to include the 29 U.S.C. § 1132(c) "participant or beneficiary" as "any person who will prosecute for" the ERISA penalty. Section 15-3-570, however, was clearly intended to encompass more persons than only "the party aggrieved" (if it was meant to encompass "the party aggrieved" at all). To apply the more general section 15-3-570, and not the more specific section 15-3-540, to the § 1132(c) claim would contravene the "basic principle of statutory construction that when two statutes are in conflict, a specific statute closely applicable to the substance of the controversy at hand controls over a more generalized provision." *Farmer v. Employment Sec. Comm'n of N.C.*, 4 F.3d 1274, 1284 (4th Cir. 1993) (citing *HCSC-Laundry v. United States*, 450 U.S. 1, 6 (1981) (per curiam)). Accordingly, we are constrained to conclude that it is section

15-3-540's three-year limitations period that applies to Press-
ley's § 1132(c) claim.[9]

IV.

Pursuant to the foregoing, we vacate the judgment in favor
of Prudential on Pressley's § 1132(c) claim, and remand for
such other and further proceedings as may be appropriate.[10]

*VACATED AND REMANDED*

---

[9]Although the Supreme Court of South Carolina has not directly
addressed the interplay between sections 15-3-540 and 15-3-570, it has
applied those statutes in a manner consistent with our ruling today. *See
Tilley v. Pacesetter Corp.*, 508 S.E.2d 16, 20 (S.C. 1998) (concluding that
section 15-3-540's three-year limitations period applied to class action
wherein plaintiffs sought penalties under consumer protection statute for
Pacesetter's failure to ascertain plaintiffs' own preferences of attorney and
insurance agent for mortgage closing); *Montjoy v. One Stop of Abbeville,
Inc.*, 478 S.E.2d 683, 684 (S.C. 1996) (applying section 15-3-570's one-
year limitations period to third party's action to recover statutory penalty
based on gambling losses of another); *Ardis v. Ward*, 467 S.E.2d 742, 744
(S.C. 1996) (same).

[10]Because the three-year limitations period found in South Carolina
Code Annotated section 15-3-540 applies to Pressley's § 1132(c) claim,
we need not reach her contention that Prudential's alleged failure to pro-
vide requested information constituted a continuing offense. We also
decline to address alternative grounds for affirmance raised on appeal by
Prudential, including its contention that it is not an "administrator" subject
to liability on the § 1132(c) claim. *See supra* note 5. Although we are enti-
tled to sustain the judgment of the district court on any ground apparent
from the record, *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir.
1996), we deem it appropriate to allow the court to resolve Prudential's
"administrator" contention in the first instance, *see Q Int'l Courier, Inc.
v. Smoak*, 441 F.3d 214, 219-20 & n.3 (4th Cir. 2006).