**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2117

MARIE M. MCCRAY,

             Plaintiff – Appellant,

        v.

MARYLAND DEPARTMENT OF TRANSPORTATION, Maryland Transit
Administration,

             Defendant – Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Ellen  L.  Hollander, District Judge.
(1:11-cv-03732-ELH)

Argued:  September 20, 2016        Decided:  November 2, 2016

Before GREGORY, Chief Judge, and KING and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: John  Henry  Morris,  Jr.,  Baltimore,  Maryland,  for
Appellant.   Jennifer L. Katz, OFFICE OF THE ATTORNEY GENERAL OF
MARYLAND, Baltimore, Maryland, for Appellee.  **ON BRIEF**: Brian E.
Frosh, Attorney General of Maryland, Eric S. Hartwig, Assistant
Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On remand from this Court for further proceedings with respect to Marie M. McCray's Title VII claim, see McCray v. Md. Dep't of Transp., 741 F.3d 480 (4th Cir. 2014), the district court dismissed that claim as both unexhausted and time-barred, see McCray v. Md. Dep't of Transp., No. 1:11-cv-03732 (D. Md. Sept. 16, 2014), ECF Nos. 50-51. Additionally, the district court dismissed as untimely separate claims that McCray had newly alleged under the Maryland Fair Employment Practices Act (the "MFEPA"). McCray now appeals from those dismissals of her Title VII and MFEPA claims. As explained below, although we reject the district court's ruling that the Title VII claim is unexhausted, we affirm its dismissals of the Title VII and MFEPA claims because they are time-barred.

I.

McCray's factual allegations are more fully recounted in our prior decision. See McCray, 741 F.3d at 481-82. In sum, McCray worked for the Maryland Transit Administration (the "MTA"), a subsidiary of the Maryland Department of Transportation (the "MDOT"), for nearly four decades before her position was terminated in October 2008 by the Governor and Board of Public Works as part of a series of state budget cuts.

2

McCray, an African-American woman, was sixty-four years old and diabetic when she lost her job with the MTA.

In December 2011, after receiving a right-to-sue letter from the Equal Employment Opportunity Commission (the "EEOC"), McCray initiated this action against the MTA and MDOT in the District of Maryland. McCray's original Complaint alleged her Title VII claim, premised on race and gender discrimination, as well as claims under the Age Discrimination in Employment Act (the "ADEA") and the Americans with Disabilities Act (the "ADA"). Before any meaningful discovery was conducted, the defendants invoked legislative immunity, and the district court awarded summary judgment to the defendants on that basis. See McCray v. Md. Dep't of Transp., No. 1:11-cv-03732 (D. Md. Jan. 16, 2013), ECF Nos. 18-19.

McCray appealed, and by our prior decision, we affirmed the award of summary judgment to the defendants on the ADEA and ADA claims. See McCray, 741 F.3d at 483 ("[W]e affirm the district court's rulings on McCray's ADEA and ADA claims, albeit based on sovereign immunity, not legislative immunity."). With respect to the Title VII claim, we recognized that the defendants are entitled to legislative immunity "insofar as it shields the MTA and MDOT from lawsuit based on the counsel they gave executive officials in Maryland who carried out the budget cuts." Id. at 485. We further concluded, however, that vacatur and remand

3

were appropriate as to the Title VII claim, because the Complaint alleged "discriminatory actions that took place before the legislative activity began." Id. Our conclusion in that regard relied on allegations that, "driven by discriminatory animus," McCray's supervisor at the MTA had "stripped her of responsibilities in the years leading up to budget cuts," rendering "her position vulnerable to the budget cuts that eventually came." Id. at 486.

After our remand, in March 2014, McCray filed an Amended Complaint that re-alleges her Title VII claim and adds the MFEPA claims. The district court granted the defendants' subsequent motion to dismiss those claims pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, precipitating this appeal. Because the dismissals were with prejudice and the district court is finished with the case, we possess jurisdiction pursuant to 28 U.S.C. § 1291. See GO Comput., Inc. v. Microsoft Corp., 508 F.3d 170, 176 (4th Cir. 2007).[1]

---

[1] The Amended Complaint also includes claims under the ADEA, the ADA, and the Rehabilitation Act — all of which were dismissed with prejudice by the district court. McCray has abandoned any contention that those dismissals were erroneous, because she raised no such contention in her opening appellate brief. See A Helping Hand, LLC v. Balt. Cty., Md., 515 F.3d 356, 369 (4th Cir. 2008).

## II.

Where a district court dismisses a Title VII claim as unexhausted under Federal Rule of Civil Procedure 12(b)(1), we review the court's ruling de novo. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013). We also review de novo a district court's Rule 12(b)(6) dismissal of a claim as being time-barred. See Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 336 (4th Cir. 2009).

## III.

### A.

We first reject the district court's ruling that McCray's Title VII claim is unexhausted. As we have explained, "[b]efore filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." See 29 C.F.R. § 1601.12(b). The plaintiff may then advance any Title VII claims in her subsequent civil suit that "are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation." See Smith, 202 F.3d at 247.

5

The crux of McCray's Title VII claim, as we heretofore explained, "is not the financial storm that rocked the state and forced Maryland's government to scale back its budget," but "that the MTA and MDOT gave her a lightning rod to hold and sent her to the roof." See McCray, 741 F.3d at 486. McCray exhausted that claim by alleging in her EEOC charge that, more than a year before her termination in October 2008, her supervisor "tried to get rid of [her]" and then "harassed [her] daily . . . about [her] ability to work." See J.A. 51.[2] That is, the Amended Complaint makes clear that the harassment alleged in the EEOC charge included the elimination of McCray's job responsibilities. Accordingly, McCray's Title VII "lightning rod" claim (that she was left vulnerable to termination by being stripped of her responsibilities) is reasonably related to the allegations in her EEOC charge (that her supervisor had harassed and sought to discharge her). Moreover, the "lightning rod" claim can be expected to follow from a reasonable administrative investigation. In these circumstances, the district court erred in deeming that claim to be unexhausted.

---

[2] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

Nonetheless, we affirm the district court's dismissals of McCray's Title VII and MFEPA claims because they are all time-barred. In the circumstances of this matter, Title VII provides that an EEOC charge must be filed "within three hundred days after the alleged unlawful employment practice occurred." See 42 U.S.C. § 2000e-5(e)(1). Under the pertinent regulations,

> [a] charge may be amended to cure technical defects or omissions, . . . or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

See 29 C.F.R. § 1601.12(b). We have recognized, however, that an amendment alleging a new theory of recovery generally will not relate back to the original filing date. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). That is because — using the example of an EEOC charge that initially asserted sex discrimination and then is amended to allege age discrimination — "age discrimination does not necessarily flow from sex discrimination and vice versa." Id. Additionally, "Title VII and ADEA claims arise from completely distinct statutory schemes." Id.

When McCray filed her EEOC charge in June 2009, she alleged only age discrimination, in contravention of the ADEA. See J.A. 50. It was not until September 2010 — nearly two years after

7

her termination from the MTA — that McCray amended the EEOC charge to allege race and gender discrimination, in violation of Title VII. Id. at 51. Because that amendment does not, under our Evans decision, relate back to the original filing date, the district court properly dismissed the Title VII claim as being time-barred.

Meanwhile, the MFEPA provides that a complainant may bring a civil action alleging an unlawful employment practice if three requirements are satisfied:

> (1) the complainant initially filed a timely administrative charge or a complaint under federal, State, or local law . . . ;
>
> (2) at least 180 days have elapsed since the filing of the administrative charge or complaint; and
>
> (3) the civil action is filed within 2 years after the alleged unlawful employment practice occurred.

See Md. Code, State Gov't § 20-1013(a)(1)-(3). By using the conjunctive word "and," the MFEPA is unambiguous — all three of those requirements must be met.

Here, neither the original Complaint nor the Amended Complaint adding McCray's MFEPA claims was filed within two years of her termination from the MTA. As a result, the district court properly dismissed those claims as untimely, and the court's ruling must be sustained.

IV.

Pursuant to the foregoing, we affirm the judgment of the district court.

<u>AFFIRMED</u>