# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Otha Delaney, Petitioner,

v.

First Financial of Charleston, Inc., Respondent.

Appellate Case No. 2017-000683

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
Stephanie P. McDonald, Circuit Court Judge

---

Opinion No. 27884
Heard November 8, 2018 – Filed May 8, 2019

---

## REVERSED

---

Philip L. Fairbanks, of The Law Offices of Philip
Fairbanks, PC, Kathy D. Lindsay, of Kathy D. Lindsay,
PA, and Frederick M. Corley, all of Beaufort, for
Petitioner.

Stephen Lynwood Brown, Russell Grainger Hines, and
Perry McPherson Buckner IV, all of Young Clement
Rivers, LLP, of Charleston, for Respondent.

---

**JUSTICE HEARN:** This case concerns when a claim for deficient notice of
disposition of collateral under Article 9 of the Uniform Commercial Code accrues

for statute of limitation purposes. The circuit court held the limitations period began upon receipt of the allegedly deficient notice, and the court of appeals affirmed in a split decision. *Delaney v. First Fin. of Charleston, Inc.*, 418 S.C. 209, 791 S.E.2d 546 (Ct. App. 2016). We hold the limitations period begins only upon disposition; accordingly, we reverse.

## FACTS/PROCEDURAL BACKGROUND

In October of 2007, Petitioner Otha Delaney bought a 2003 Chevrolet pick-up truck from Coliseum Motors pursuant to a retail installment sales contract. The dealership subsequently assigned the contract to Respondent First Financial of Charleston, Inc., which acquired a security interest under the UCC. After Delaney failed to make payments, First Financial lawfully repossessed the truck, and on May 2, 2008, it sent Delaney a letter entitled, "Notice of Private Sale of Collateral." Over seven months later, on December 15, 2008, First Financial sold the truck.

On October 3, 2011, more than three years after sending notice but less than three years from the sale of the truck, Delaney filed suit against First Financial, seeking to represent a class of individuals who had received notice that allegedly failed to comply with certain requirements in Article 9. Accordingly, Delaney asserted he was entitled to the statutory penalty under section 36-9-625(c)(2) of the South Carolina Code (2003). First Financial moved to dismiss pursuant to Rule 12(b)(6), SCRCP, asserting the statute of limitations had expired. Before the trial court, the parties disputed whether the appropriate limitations period was one, three, or six years.[1]

After a hearing, the trial court found: (1) the remedy Delaney sought pursuant to section 36-9-625(c)(2) was a statutory penalty; (2) the six-year Article 2 limitations period did not apply because Delaney failed to plead breach of contract, the claim solely concerned deficient notice under Article 9, and even if Article 2 applied, the more specific limitations period on penalties governed; and finally, (3) under either limitation period, Delaney's claim was time-barred as his action accrued upon receipt of the allegedly deficient notice.

---

[1] Delaney abandoned his assertion that the six-year limitations period under Article 2 governed, as he only addressed the one and three-year provisions in his brief before this Court. *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (failing to provide arguments or supporting authority renders the issue abandoned). Additionally, at oral argument, counsel for First Financial conceded the three-year statute of limitations prescribed in section 15-3-540(2) (2005) applied.

The court of appeals affirmed in a split decision, holding that because the claim concerned deficient notice, it accrued upon receipt of the notice. *Delaney*, 418 S.C. at 222, 791 S.E.2d at 552. Concluding Delaney's claim was untimely under either the one or three-year limitations period for an action upon a statutory penalty, the court affirmed. *Id.* at 222, 791 S.E.2d at 552. Judge Thomas concurred in the majority's decision that Article 2's six-year limitations period did not apply, but dissented on the issue as to when Delaney's cause of action accrued, finding that it accrued upon disposition of the collateral. *Id.* at 222, 791 S.E.2d at 552–53 (Thomas, J., dissenting). Delaney sought a writ of certiorari, which we granted.

## ISSUES

Does the statute of limitations for an Article 9 deficient notice of disposition of collateral claim begin to when notice is provided or upon the disposition of the collateral?

## STANDARD OF REVIEW

An appellate court reviews dismissal from a Rule 12(b)(6), SCRCP motion under the same standard employed by the trial court. *Fabian v. Lindsay*, 410 S.C. 475, 482, 765 S.E.2d 132, 136 (2014). The facts are construed in the light most favorable to the nonmoving party, and all well-pled allegations are considered true. *Overcash v. S.C. Elec. & Gas Co.*, 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005). However, questions of law are decided *de novo*. *Town of Summerville v. City of North Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008).

## DISCUSSION

### I. Accrual Date

Delaney asserts the court of appeals erred in holding his claim accrued upon receipt of the notice instead of when First Financial disposed of the collateral, contending section 36-9-611(b) only requires a secured party "that disposes of collateral" to provide notice. Because in Delaney's view the notice is not final until disposition, the statute of limitations does not begin to run until that point in time. Conversely, First Financial argues the limitations period began when the noncompliant notice was sent, without regard to the date of disposition. We agree with Delaney.

Section 36-9-611 of the South Carolina Code, entitled, "Notification before disposition of collateral," requires a secured party to provide notice of its plans to

dispose of the collateral. Specifically, subsection (b) states, "Except as otherwise provided in subsection (d), a secured party that disposes of collateral under Section 36-9-610 shall send…a reasonable authenticated notification of disposition." While the contents and form of the notice are governed by sections 36-9-613 and 614, the statutory penalty pursuant to section 36-9-625(c)(2) for failing to comply with those provisions is triggered only when all the elements of section 36-9-611(b) are present. We agree with Judge Thomas that a claim for failing to comply with section 36-9-611(b) does not accrue "unless and until [the secured party] disposes of the collateral." *Delaney*, 418 S.C. at 223–24, 791 S.E.2d at 553 (Thomas, J., dissenting).

In addition to section 36-9-611(b), the corresponding Official Comments provide, "Nothing in this Article prevents a secured party from electing not to conduct a disposition after sending a notification." S.C. Code Ann. § 36-9-611(b) cmt.8. Moreover, the comment notes that a secured party may send a revised notice if "the secured party acts in good faith, the revised notification is reasonable, and the revised plan for disposition and any attendant delay are commercially reasonable." *Id.* Thus, while a secured party is required to send notification when it plans to dispose of collateral, it is also permitted to send a revised notification up until a reasonable time before disposition. We believe that by allowing such revisions, the drafters intended the sufficiency of notice to be assessed as of the date of disposition.

We reject the notion that the availability of an injunction under section 36-9-625(a) compels a contrary result. This provision enables the circuit court to restrain disposition when the "secured party is not proceeding in accordance with this chapter." First Financial contends if a party can seek an injunction before the collateral is disposed of, then it can recover the penalty at the same time. However, the General Assembly used different terms for these two remedies, and we cannot impose the broader "not proceeding in accordance" language into section 36-9-625(c)(2)'s requirement that a secured party "failed to comply." *See Gordon v. Phillips Utilities, Inc.*, 362 S.C. 403, 406, 608 S.E.2d 425, 427 (2005) ("[T]he legislature intends to accomplish something by its choice of words, and would not do a futile thing."). To do so otherwise is contrary to our principle of construing statutory penalties narrowly. *Wallace v. Wannamaker*, 231 S.C. 158, 163, 97 S.E.2d 502, 505 (1957) ("The prime rule requires strict construction of a statutory provision which would work a forfeiture or inflict a penalty."). Accordingly, Delaney's claim did not accrue until First Financial disposed of the collateral.[2] Having concluded the

---

[2] We note that comment four to section 36-9-625(c)(2) states this provision "is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may

limitations period did not begin until December 15, 2008, we next turn to which statute of limitations governs.

## II. Applicable Statute of Limitations

Before the trial court and the court of appeals, the parties disputed whether the one or three-year limitations period applied to an action upon a statutory penalty. At oral argument before this Court, counsel for First Financial conceded the three-year limitations period applied, and we agree.

Section 15-3-540(2) sets forth a three-year limitations period for "[a]n action upon a statute for a penalty or forfeiture *when the action is given to the party aggrieved* or to such party and the State, except when the statute imposing it prescribes a different limitation." (emphasis added). Conversely, section 15-3-570 provides in part, "An action upon a statute for a penalty or forfeiture given, in whole or in part, *to any person who will prosecute for it* must be commenced within one year after the commission of the offense." (emphasis added). We are persuaded by this reasoning by the Fourth Circuit:

> Section 15–3–570, however, was clearly intended to encompass more persons than only "the party aggrieved" (if it was meant to encompass "the party aggrieved" at all). To apply the more general section 15–3–570, and not the more specific section 15–3–540…would contravene the "basic principle of statutory construction that when two statutes are in conflict, a specific statute closely applicable to the substance of the controversy at hand controls over a more generalized provision."

*Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 339 (4th Cir. 2009) (internal citation omitted). Moreover, as the Fourth Circuit noted, we have applied the three-year limitations period when the claim is brought by the aggrieved party and the one-year provision when filed by a third party. *Compare Tilley v. Pacesetter Corp.*, 333 S.C. 33, 41, 508 S.E.2d 16, 20 (1998) (applying the three-year statute in a class action lawsuit brought by buyers who alleged the seller failed to comply with the South Carolina Consumer Protection Code), *with Montjoy v. One Stop of Abbeville, Inc.*, 325 S.C. 17, 19, 478 S.E.2d 683, 684 (1996) (holding the

---

have resulted." However, pursuant to comment eight to section 36-9-611, a secured party prior to disposition may amend a noncompliant notice to remove the defect. While the sufficiency of the notice would still be assessed as of the date of disposition, the efficacy of an amended notice as to whether the secured party would remain liable for the statutory penalty is not before us.

one-year statute of limitations governed an action by a third party to recover gambling losses). Accordingly, because Delaney is an aggrieved party, the three-year limitations period under section 15-3-540(2) applies.

## CONCLUSION

Delaney's claim for deficient notice of disposition of collateral did not accrue until First Financial disposed of the collateral. Accordingly, because Delaney filed this action within three years from that date, we reverse and remand for further proceedings.

**REVERSED.**

**BEATTY, C.J., FEW and JAMES, JJ., concur. KITTREDGE, J., concurring in part and dissenting in part in a separate opinion.**

**JUSTICE KITTREDGE:**  I concur with the majority insofar as the applicability of the three-year statute of limitations.  I respectfully dissent on the date of accrual issue.  Petitioner's claim is based entirely on an alleged noncompliant notice.  The law makes clear that a debtor is entitled to bring an action prior to disposition of the collateral.  Because the law provides for the commencement of an action prior to disposition, I do not agree with the majority of this Court that the action accrues only upon the disposition of the collateral.  I adopt the well-reasoned court of appeals' majority opinion holding that the cause of action accrued when the allegedly deficient notice of sale was received.  Accordingly, I would affirm the court of appeals as modified.