**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A., Respondent,

v.

Michael G. Morgan; Margaret H. Fitch, M.D.; Eric J. Olig; South Carolina Department of Revenue; Linda Lawrence Bowen; Defendants,

Of Whom Michael G. Morgan is the Appellant.

Appellate Case No. 2018-002068

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2021-UP-313
Heard June 15, 2021 – Filed September 1, 2021

**REVERSED AND REMANDED**

Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellant.

Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville, and Stacie Corbett Knight, of Winston & Strawn, LLP, of Charlotte, North Carolina; both for Respondent.

**PER CURIAM:**  In this foreclosure action, Michael Morgan filed a counterclaim alleging Wells Fargo Bank violated the Attorney Preference Statute[1] and engaged in unconscionable conduct during the execution of his mortgage loan (the Mortgage).  Morgan argues the circuit court erred in granting Wells Fargo's motion to dismiss his counterclaim by: (1) finding he failed to state a cause of action; (2) finding his counterclaim was barred by the statute of limitations; (3) relying on unpublished opinions; (4) applying the heightened standard of review required for fraud where there was no fraud claim; and (5) dismissing his counterclaim with prejudice without allowing him leave to amend.  Morgan further argues the circuit court's order denying his motion to reconsider was void because the circuit court filed an earlier order granting his motion to reconsider and transferring the case to the master-in-equity.  We reverse the dismissal of the counterclaim and remand this matter for further proceedings.

**Facts and Procedural History**

On April 25, 2008, Morgan refinanced his existing mortgage loan in a transaction with Wachovia Mortgage, FSB (Wachovia).[2]  On December 2, 2015, Wells Fargo, as successor in interest to Wachovia, filed a foreclosure action, asserting Morgan had defaulted on the $1,300,000 loan as of June 15, 2011.  Morgan timely answered and asserted several counterclaims.  Wells Fargo moved to dismiss the counterclaims, arguing Morgan was prohibited from raising counterclaims related to the 2011 class action settlement involving Wachovia's pick-a-payment loans.  On May 10, 2018, Morgan filed an amended answer and a single counterclaim

---

[1] S.C. Code Ann. § 37-10-102 (2015).

[2] The note and Mortgage here were executed as a "pick-a-payment" option loan.  Such pick-a-payment loans were the subject of a class action against Wachovia filed in the United States District Court for the Northern District of California.  *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Pracs. Litig.*, No. 5:09-MD-02015-JF, 2011 WL 1877630 (N.D. Cal. May 17, 2011).  Ultimately, Wachovia entered into a settlement agreement in 2011 in which it agreed to, among other things, implement a loan modification program for borrowers meeting certain criteria.  *Id.* at *2.  In this case, Morgan contends his loan qualified for a loan modification, but alleges Wells Fargo, as successor by merger to Wachovia, refused to modify the terms of his loan.

titled "Violation of Attorney Preference Statute with Unconscionability." Wells Fargo again moved to dismiss.

Following a hearing, the circuit court dismissed Morgan's counterclaim, with prejudice, by order dated August 24, 2018. The circuit court found Rule 9(b), SCRCP, required that Morgan plead his claim with particularity and that Morgan failed to plead the elements of fraud sufficiently.[3] The circuit court further found the three-year statute of limitations governing violations of the Attorney Preference Statute barred the claim because Morgan failed to adequately allege substantive or procedural unconscionability.

Morgan timely moved to reconsider. At the October 15, 2018 hearing, Morgan asked that the circuit court grant his motion to reconsider, or alternatively, allow him leave to amend his pleading. Morgan also requested clarification as to whether the circuit court had stricken his defense of unconscionability in addition to dismissing the counterclaim.

On October 29, 2018, the circuit court e-filed an order granting Morgan's motion to reconsider, reinstating Morgan's counterclaim, and transferring the case to the master-in-equity. However, on November 2, 2018, the circuit court e-filed a subsequent order denying Morgan's motion to reconsider. On November 5, 2018, the circuit judge's law clerk notified the parties by email that the October "order that was electronically signed was signed in error. The order filed on Friday is the correct order. The motion to reconsider is denied."

**Standard of Review**

"An appellate court reviews dismissal from a Rule 12(b)(6), SCRCP motion under the same standard employed by the trial court." *Delaney v. First Fin. of Charleston, Inc.*, 426 S.C. 607, 611, 829 S.E.2d 249, 250 (2019). "The facts are construed in the light most favorable to the nonmoving party, and all well-pled allegations are considered true." *Id.* "Rule 12(b)(6) permits the trial court to address the sufficiency of a pleading stating a claim; it is not a vehicle for

---

[3] There was no counterclaim for fraud. In any event, Rule 9(b), SCRCP provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

addressing the underlying merits of the claim." *Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 180, 826 S.E.2d 585, 587 (2019).

**Law and Analysis**

Initially, we find Morgan sufficiently pled his counterclaim for procedural unconscionability due to a violation of the Attorney Preference Statute. The Attorney Preference Statute is codified in Chapter 10 of the Consumer Protection Code at § 37-10-102. Section 37-10-105 explicitly authorizes causes of action for violations of Chapter 10 of the Consumer Protection Code, and subsection (C) recognizes a cause of action for unconscionability. *See* S.C. Code Ann. § 37-10-105(A) (2015) ("If a creditor violates a provision of this chapter, the debtor has a cause of action, other than in a class action, to recover actual damages . . . ."); S.C. Code Ann. § 37-10-105(C) (describing the relief a court may grant "[i]f the court finds as a matter of law that the agreement or transaction is unconscionable pursuant to Section 37-5-108 at the time it was made, or was induced by unconscionable conduct"). Thus, it appears the General Assembly has specifically provided a remedy for violations of the Attorney Preference Statute accompanied by unconscionable conduct.

To determine the existence of unconscionability under § 37-10-105(C), the court must consider a nonexclusive list of factors set forth in § 37-5-108. *See* § 37-10-105(C) (citing §37-5-108 for determining the existence of unconscionability); S.C. Code Ann. § 37-5-108(4)(a) (2015) (listing nonexclusive factors the court must consider in determining the existence of unconscionability). Section 37-5-108(4)(a)(iv) requires the court to consider "the fact that the seller, lessor, or lender knowingly has taken advantage of the inability of the consumer or debtor reasonably to protect his interests by reason of physical or mental infirmities, ignorance, illiteracy, inability to understand the language of the agreement, or similar factors." Morgan alleges he was not given the opportunity to choose his counsel in violation of the Attorney Preference Statute, the loan was closed without the supervision of an attorney, and his signature was forged on some of the loan documents. We find Morgan sufficiently pled his § 37-10-105(C) counterclaim. Whether Morgan has proper evidence to support his claim of unconscionability was not for the circuit court to determine at the 12(b)(6) stage.[4]

---

[4] We are unsure why the circuit court applied Rule 9, SCRCP, to Morgan's counterclaim when Morgan titled the claim as one for "Violation of Attorney Preference Statute with Unconscionability." Likewise, we question the circuit court's application of the three-year statute of limitations of § 37-10-105(A) when

Nevertheless, even if Morgan's pleading were deficient, the circuit court erred in dismissing the counterclaim with prejudice and refusing to allow Morgan to amend his pleading.  *See Skydive Myrtle Beach*, 426 S.C. at 189, 826 S.E.2d at 592 ("A circuit court does not have 'discretion' to dismiss a complaint with prejudice for failure to state a claim under Rule 12(b)(6) without at least considering whether to allow leave to amend under Rule 15(a).  Under Rules 12(b)(6) and 15(a), the circuit court may not dismiss a claim with prejudice unless the plaintiff is given a meaningful chance to amend the complaint, and after considering the amended pleading, the court is certain there is no set of facts upon which relief can be granted.").

Accordingly, the circuit court's dismissal of Morgan's counterclaim is

**REVERSED AND REMANDED.**[5]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

Morgan expressly brought his unconscionability claim under subsection (C), for which the statute of limitations is tied to the loan's maturity date.  *Compare* § 37-10-105(A) ("No debtor may bring an action for a violation of this chapter more than three years after the violation occurred, except as set forth in subsection (C)."), *with* § 37-10-105(C) (stating that the time to bring a claim against a creditor for unconscionability is before the loan's original maturity date); *see also Tilley v. Pacesetter Corp.*, 333 S.C. 33, 42 n.10, 508 S.E.2d 16, 20 n.10 (1998) (finding "where the debtor seeks recovery under section 37-10-105 pursuant to a **counterclaim,** the three year statute of limitations is clearly inapplicable" (emphasis in original)).

[5]  Because our determination of these issues is dispositive, we decline to address Morgan's remaining assertions of error.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues when resolution of a prior issue is dispositive).