**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Fonda E. Patrick and Andre Patrick, Appellants,

v.

Gasnel E. Bryan, M.D., Individually and as an agent and/or employee of Aiken Regional Medical Centers, LLC; Frank Y. Chase, M.D., Individually and as agent and/or employee of Aiken Regional Medical Center, LLC; Jonathan H. Anderson, M.D., Individually and as an agent and/or employee of Aiken Regional Medical Centers, LLC; and Aiken Regional Medical Centers, LLC, Defendants,

Of which Gasnel E. Bryan, M.D., Individually and as an agent and/or employee of Aiken Regional Medical Centers, LLC; Frank Y. Chase, M.D., Individually and as agent and/or employee of Aiken Regional Medical Center, LLC; and Aiken Regional Medical Centers, LLC are Respondents.

Appellate Case No. 2019-000803

Appeal From Aiken County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2023-UP-021
Heard March 10, 2022 – Filed January 18, 2023

**AFFIRMED**

Francis M. Hinson, IV, of HHP Law Group, of
Columbia, for Appellants.

J. Ben Alexander and Kenneth Norman Shaw, both of
Haynsworth Sinkler Boyd, PA, of Greenville, for
Respondent Aiken Regional Medical Centers, LLC.

Andrew F. Lindemann, of Lindemann & Davis, P.A., of
Columbia, for Respondent Gasnel E. Bryan, M.D.

Hutson S. Davis, Jr., of Johnson & Davis, PA, of
Bluffton, for Respondent Frank Y. Chase, M.D.

**PER CURIAM:** In this medical malpractice case, Fonda E. Patrick and Andre
Patrick (collectively, the Patricks) appeal the circuit court's order dismissing their
notice of intent to file suit (NOI), arguing the circuit court erred in concluding
courts lack the power to extend the time for service of process and finding their
claims were barred by the applicable statute of limitations. We affirm.

On January 30, 2015, Fonda Patrick underwent a salpingo-oophorectomy—a
surgical procedure to remove her ovaries and fallopian tubes—at Aiken Regional
Medical Centers. On January 22, 2018, the Patricks filed an NOI, alleging medical
malpractice and naming Gasnel E. Bryan, M.D.; Frank Y. Chase, M.D.; Jonathan
H. Anderson, M.D.; and Aiken Regional Medical Centers, LLC, as defendants
(collectively, the Defendants). The Patricks alleged Mrs. Patrick suffered a bowel
injury as a result of the procedure, which caused severe complications and
additional surgeries, including a resection of her colon. The Patricks stated they
would file expert affidavits within forty-five days of filing the NOI pursuant to
sections 15-79-125(A) and 15-36-100(C)(1) of the South Carolina Code (Supp.
2022) because the statute of limitations would expire within ten days and they had
been unable to obtain the affidavits due to time constraints.[1]

---

[1] § 15-79-125(A) (requiring a plaintiff in a medical malpractice case to file an NOI
contemporaneously with an affidavit of an expert witness); § 15-36-100(C)(1)
(providing the plaintiff has an additional forty-five days to file the affidavit when
the statute of limitations will expire within ten days of filing the NOI and the
plaintiff alleges an affidavit could not be prepared due to time constraints).

On February 14, 2018, pursuant to a consent order signed by the Patricks and their counsel, H. Edward Smith, the circuit court allowed Smith to withdraw as counsel. Smith never served any of the Defendants with the NOI.

Acting pro se, the Patricks filed a motion several months later on June 27, 2018, requesting a forty-five-day extension of time to file an affidavit of merit. The Patricks noted they initially consulted with Smith in January of 2016, but he waited until eight days before the running of the statute of limitations to file the NOI. They asserted that with such a short window of time to secure an expert and affidavit of merit after filing the NOI, no attorney would agree to represent them. Circuit Court Judge Walton McLeod heard the motion on September 24, 2018. Judge McLeod asked Mrs. Patrick if she had filed suit when Smith withdrew as counsel. Mrs. Patrick explained, "My understanding was that I had filed suit but once I got with Mr. Smith again, he had not filed anything. He had just filed the intent without any of the people that are on the suit receiving any notification of it." She confirmed she was seeking time to obtain an attorney and an expert. After taking the matter under advisement, Judge McLeod issued an order on September 28, 2018, granting the Patricks a forty-five-day extension to file the affidavit. He concluded that pursuant to section 15-36-100(C)(1) and given "the lack of a motion to dismiss . . . or objection from the Defendants," there was good cause to grant "an extension of forty-five (45) days to file an affidavit of merit to supplement their [NOI]."

On November 7, 2018, the Patricks, through newly retained counsel, filed a supplement to the NOI and an affidavit of merit. Via certified mail, the Patricks served Aiken Regional Medical Centers, LLC (Aiken Regional) with the NOI on November 9, 2018; Dr. Chase on November 13, 2018; and Dr. Bryan on November 15, 2018. On December 19, 2018, Aiken Regional moved to dismiss the NOI pursuant to Rules 12(b)(2), (5), and (6), SCRCP, on the ground the Patricks' claims were barred by the applicable statute of limitations. Drs. Bryan, Anderson, and Chase also filed motions to dismiss, adopting Aiken Regional's arguments.[2] The circuit court heard the motions on March 5, 2019. During the hearing, the Defendants argued the Patricks failed to serve them with the NOI within 120 days of filing it, which would have been May 22, 2018. The Patricks argued that because Judge McLeod knew the time for service had expired but still gave them a forty-five-day extension to file the affidavit of merit, his order granted them

---

[2] The parties subsequently stipulated to the dismissal of Dr. Anderson.

additional time to serve the Defendants.  The Patricks asserted the circuit court could not overrule Judge McLeod's order.

The circuit court issued an order granting the Defendants' motions to dismiss.  It found the filing of an NOI tolls the applicable statute of limitations only when the NOI is served upon all defendants as provided in the South Carolina Rules of Civil Procedure governing service of a summons and complaint.  The circuit court concluded that pursuant to Rule 3, SCRCP, the Patricks had 120 days from the date they filed the NOI to serve it on the Defendants, which would have been May 22, 2018.  The circuit court concluded the statute of limitations barred their claims because they failed to serve the Defendants with the NOI by this date.  It reasoned "Rule 3 mandates a firm deadline for commencing an action within the applicable statute of limitations, which no court has the jurisdiction to extend" and therefore concluded Judge McLeod's September 28, 2018 order did not extend the deadline for completing service.

The Patricks filed a motion to reconsider, arguing Rules 3 and 6, SCRCP, allowed the courts to extend the deadline for service of process.  The Patricks asserted that when Judge McLeod granted the extension to file the affidavit of merit, he knew the statute of limitations had run, the Patricks had not yet served the Defendants, and the 120-day deadline for service had lapsed.  The Patricks argued that by granting the extension, Judge McLeod effectively equitably tolled the statute of limitations and extended the deadline to serve the Defendants.  The circuit court denied the motion to reconsider.  This appeal followed.

A party must commence a medical malpractice action within three years from the date of the operation.  *See* S.C. Code Ann. § 15-3-545(A) (2005).

> A civil action is commenced when the summons and complaint are filed with the clerk of court if:
>
> > (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
> >
> > (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

Rule 3(a), SCRCP.

Section 15-79-125(A) contains prelitigation requirements for medical malpractice cases and provides:

> Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a[n NOI] and an affidavit of an expert witness, subject to the affidavit requirements established in [s]ection 15-36-100 . . . .  Filing the [NOI] tolls all applicable statutes of limitations.  The [NOI] *must be served upon all named defendants in accordance with the service rules for a summons and complaint outlined in the South Carolina Rules of Civil Procedure.*

(emphasis added).  *See also* S.C. Code Ann. § 15-36-100(B) (Supp. 2022) (requiring that such affidavit "specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit").  Section 15-36-100 provides,

> (C)(1) The contemporaneous filing requirement . . . does not apply to any case in which the period of limitation will expire . . . within ten days of the date of filing and, because of the time constraints, the plaintiff alleges that an affidavit of an expert could not be prepared.  *In such a case, the plaintiff has forty-five days after the filing of the complaint to supplement the pleadings with the affidavit.*  Upon motion, *the trial court, after hearing and for good cause, may extend the time as the court determines justice requires.*  If an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim.  The filing of a motion to dismiss pursuant to this section, shall alter the period for filing an answer to the complaint in accordance with Rule 12(a), S[CRCP].
>
> . . . .

(D) This section does not extend an applicable period of limitation, except that, if the affidavit is filed within the period specified in this section, the filing of the affidavit after the expiration of the statute of limitations is considered timely and provides no basis for a statute of limitations defense.

S.C. Code Ann. § 15-36-100(C)-(D) (Supp. 2022) (emphases added). Our supreme court has "expressly" held that the reference in section 15-79-125(A) "to the 'affidavit requirements established in [s]ection 15-36-100' constitutes an adoption of all provisions of section 15-36-100." *Ranucci v. Crain*, 409 S.C. 493, 504, 763 S.E.2d 189, 194 (2014) (quoting § 15-79-125(A)). Thus, section 15-36-100(C)(1) allows the court to extend the deadline for filing the affidavit of merit that section 15-79-125(A) requires.

The Patricks argue the circuit court erred in concluding the time for service of process can never be extended because Rule 6(b), SCRCP, allows the circuit court to grant extensions of time and Rule 3, SCRCP, is not listed among the exclusions in Rule 6(b).[3] They next contend Judge McLeod's order granting a forty-five-day extension to file the affidavit of merit must be interpreted as extending the time to accomplish service of process because it would otherwise be meaningless. They further contend that in granting the extension, Judge McLeod invoked the doctrine of equitable tolling. The Patricks thus argue the circuit court could not overrule Judge McLeod's order by dismissing the NOI. We disagree.

We hold the circuit court did not err in granting the Defendants' motions to dismiss the Patricks' NOI based on the expiration of the statute of limitations. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *Delaney v. First Fin. of Charleston, Inc.*, 426 S.C. 607, 611, 829 S.E.2d 249, 250-51 (2019) ("The facts are

---

[3] Rule 6(b) provides, "When by these rules . . . an act is required . . . to be done at or within a specified time, . . . the court . . . upon motion made after the expiration of the specified period, for good cause shown, permit the act to be done. The time for taking any action under [R]ules 50(b), 52(b), 59, and 60(b)[, SCRCP,] may not be extended except to the extent and under the conditions stated in them. The time for filing notice of intent to appeal is jurisdictional and may not be extended by consent or order."

construed in the light most favorable to the nonmoving party, and all well-pled allegations are considered true. However, questions of law are decided *de novo*." (citation omitted)).

The Patricks' claims were subject to a three-year statute of limitations. *See* § 15-3-545 (providing a party must commence a medical malpractice action within three years from the date of operation). The Patricks acknowledge the statute of limitations began to run when Dr. Bryan performed the surgery on January 30, 2015. The Patricks filed their NOI on January 22, 2018. They therefore had until May 22, 2018, to serve the Defendants with the NOI. *See* § 15-79-125(A) ("Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a[n NOI] and an affidavit of an expert witness, subject to the affidavit requirements established in [s]ection 15-36-100 . . . . Filing the [NOI] tolls all applicable statutes of limitations. The [NOI] *must be served upon all named defendants in accordance with the service rules for a summons and complaint outlined in the South Carolina Rules of Civil Procedure*." (emphasis added)); *see also* Rule 3(a), SCRCP (providing that a civil action is commenced when the summons and complaint are filed with the clerk of court and "if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing"); *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law."). The Patricks did not serve the defendants until November 2018—well beyond 120 days after filing the NOI. Because the Patricks failed to serve the Defendants within 120 days after filing the NOI, the filing of the NOI did not toll the statute of limitations. Accordingly, we hold the circuit court did not err in granting the Defendants' motions to dismiss the Patricks' NOI based on the expiration of the statute of limitations.

Further, we reject the Patricks' argument that Judge McLeod's order implicitly granted an extension of time to serve the Defendants and that the circuit court therefore erred by overruling this order. We acknowledge one circuit court judge cannot overrule the order of another. *See Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 604, 340 S.E.2d 546, 547 (1986) ("One [c]ircuit [c]ourt [j]udge does not have the authority to set aside the order of another."). Here, however, the circuit court did not overrule the order of another circuit court judge. Nothing in Judge McLeod's order indicated it gave the Patricks an extension of time to serve the Defendants with the NOI or invoked the doctrine of equitable tolling. *See Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32

(2009) ("Equitable tolling is a nonstatutory tolling theory which suspends a limitations period." (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004))). During the hearing before Judge McLeod, the Patricks stated none of the Defendants had received notification of the NOI, but they did not clarify that they had never served the NOI upon the Defendants. Further, there was no discussion regarding the expiration of the statute of limitations in the Patricks' written motion for an extension, during the hearing, or in Judge McLeod's order. The Patricks did not ask Judge McLeod for an extension to serve the Defendants with the NOI or request that he equitably toll the statute of limitations, and nothing in Judge McLeod's order indicated he contemplated such a request. Based on the foregoing, we find Judge McLeod's order did not equitably toll the statute of limitations or grant an extension of time to serve the Defendants with the NOI. Rather, it only granted the Patricks' request for a forty-five-day extension to file the affidavit of merit pursuant to section 15-36-100, and the circuit court did not disturb this ruling. Thus, the circuit court did not overrule the order of another circuit court judge.

Because we find Judge McLeod's order did not extend the time for service, we need not address the Patricks' remaining argument that the circuit court erred in concluding no circuit court has the authority to extend the time for service pursuant to Rules 3 and 6, SCRCP. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding when the disposition of a prior issue is dispositive, an appellate court need not address remaining issues).

For the foregoing reasons, we find the Patricks' claims were barred by the statute of limitations and the circuit court did not err in granting the Defendants' motion to dismiss. Accordingly, we affirm the circuit court's order dismissing the Patricks' NOI.

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**